[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 15, 2011
JOHN LEY
CLERK

No. 10-15249
Non-Argument Calendar
_____

Agency No. A079-343-436

QUANREN LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 15, 2011)

Before CARNES, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Quanren Lin petitions for review of the Board of Immigration Appeals'

denial of his second motion to reopen removal proceedings based on changed

country conditions in China. Lin contends that the BIA abused its discretion when it denied his motion to reopen. Lin argues that he demonstrated changed country conditions in China with respect to China's one-child family planning policy.

I.

Lin, a native and citizen of China, illegally entered the United States in 1996. In 2000 he married Swi Indrawati, a native and citizen of Indonesia, who had also illegally entered the United States. That year they had their first child. About four months later, on April 23, 2001, Indrawati filed an application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture, and Lin joined that application as a derivative family member. The Immigration Judge denied the application and ordered Indrawati removed to Indonesia and Lin removed to China. While appealing the IJ's decision to the BIA, they had their second child. Shortly thereafter, in September 2004, the BIA affirmed the IJ's decision.

On August 4, 2006, Lin had a third child. Three weeks later he filed a motion to reopen his case in order to file a successive application for asylum, withholding of removal, and protection under the CAT. In his motion, Lin argued that he feared forced sterilization, fines, and torture pursuant to China's one-child family planning policy. The BIA denied the motion because it was filed after the

2

90-day deadline generally applicable to motions to reopen. Lin appealed that decision and on July 2, 2007, we remanded the case back to the BIA to more thoroughly examine whether the exception in 8 U.S.C. § 1229a(c)(7)(C)(ii)—where changed country conditions in the country of removal affect an applicant's eligibility for asylum—applied to Lin's motion to reopen. On June 11, 2008, the BIA again denied Lin's motion. The BIA rejected Lin's argument that he qualified for that exception based on his personal changed circumstance of having another child. It also rejected his argument that there were changed country conditions in China that qualified him for the exception.

Almost 2 years later, in March 2010, Lin filed another motion to reopen. He argued that he was entitled to a motion to reopen under the "changed country conditions" exception based on the fact that because he had multiple children he faced sterilization if he returned to China under its one-child policy. His motion included his own affidavit, an affidavit of his mother, purported Chinese government documents, and country reports, which he argued showed that he would be sterilized if he was removed to China. He also argued that he would face economic persecution under the one-child policy. The BIA found that the evidence he presented regarding the threat of sterilization was previously submitted and thus previously available, was unauthenticated, concerned different

3

provinces in China, or merely showed that the conditions in China were the same as they had previously been. It also found that Lin presented no evidence showing that he would be subjected to economic persecution. Accordingly, it denied his motion. Lin appealed.

## II.

"We review the denial of a motion to reopen an immigration petition for an abuse of discretion." Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). "Motions to reopen in removal proceedings are particularly disfavored." Id. "Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." Id.

Generally an alien must file his motion to reopen within 90 days of the final administrative removal order. 8 U.S.C. § 1229a(c)(7)(C)(i). However, "[t]here is no time limit on the filing of a motion to reopen if the basis of the motion is to apply for relief . . . based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). "An alien who attempts to show that the evidence is material bears a heavy burden and must present

evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." Jiang, 568 F.3d at 1256–57.

Lin did not file his second motion to reopen within 90 days of his final order of removal. Therefore, he is not entitled to file that motion unless the BIA abused its discretion in finding that the "changed country circumstances" exception did not apply. 8 U.S.C. § 1229a(c)(7); Jiang, 568 F.3d at 1256. The BIA did not abuse its discretion because the evidence Lin produced did not show that there were any changed country conditions in China regarding sterilizations under its one-child policy. Instead, at most the evidence showed that once Lin had his second child he was under significant threat of being sterilized if he was removed to China, and that those harsh conditions for violating the one-child policy continued to be in effect when he filed his initial application through when he filed his second motion to reopen. Jiang, 568 F.3d at 1258 ("[C]hanged personal circumstances do not meet the standard for a petition to reopen.") Additionally, Lin has pointed to no evidence showing that he would be subjected to economic persecution if removed to China.

**PETITION DENIED.**